IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA MARTINEZ, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.- |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | Jury Trial Requested |
| | ) | |
| | ) | |
| *Defendant.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

COMES NOW, the Plaintiff, Maria Martinez, complaining of the Defendant, Wells Fargo Bank, N.A., and would allege the following.

## PARTIES

1. The Plaintiff is a Texas resident.

2. The Defendant is a corporation doing business in Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218.

## JURISDICTION

3. This action arises under in violation of Title VII of the Civil Rights Act of 1964, as amended; and Section 1981 of the Civil Rights Act of 1866, which prohibits employment discrimination based on national origin and ethnicity.

4. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission. A Notice of Right to Sue has been issued, and suit filed timely thereafter.

**VENUE**

5. This action properly lies in the Western District of Texas, where a substantial part of the events or omission giving rise to this claim occurred, and were a majority of Plaintiff's employment occurred.

**FACTS**

6. Plaintiff was employed with Defendant since 1995, including her last seventeen (17) years as a District Manager, whose territory included branches in several locations, including Fairfield, Texas. Plaintiff enjoyed an excellent performance history with favorable performance evaluations and no disciplinary history.

7. On or about May 2021, Plaintiff and a branch manager, Donna Kominczak (White, Non-Hispanic) were conducting interviews of candidates for the position of personal banker at Defendant's Fairfield, Texas branch. The candidates consisted of 2 white females, 1 black male and 1 Hispanic female. Kominczak, who was also the hiring manager for that branch, indicated that Fernanda "Jackie" Mares (Hispanic) was the best candidate and was her choice. Since Kominczak was shorthanded, Plaintiff offered to complete the ratings and e-mail the interview notes to the recruiter, Samantha Chambers. Kominczak was copied.

8. Shortly thereafter, one of the white candidates, Brittney Heard, filed an internal (race discrimination) complaint alleging Mares was given the job because she spoke

Spanish.  Upon information and belief, Heard had made previous work-related complaints, and previously had a personal relationship with the personal banker whose position was being filled.

9. As a result of Heard's complaint, an investigation ensued.  Temika Hodge, an ER consultant, contacted Plaintiff and asked if the Fairfield branch was (racial and ethnically) "diverse."  Plaintiff said no, to which Hodge responded, "Good, I'd hope you recognize that."   Plaintiff alleges this was a self-serving question to bolster Defendant's theory that Mares was only selected because she was Hispanic and that Plaintiff was trying to diversify the branch.   Upon information and belief, Defendant has an affirmative action hiring and promotion policy and purports to seek diversity in all positions.   At that time, coincidently, all the personal bankers at the Fairfield branch were white.

10. During the same interview with Hodge, Plaintiff was asked if she inquired with Mares in her interview if she spoke Spanish, and why she did not make similar inquiries with the other candidates. Plaintiff denied this questioned was asked.   It is unclear why Hodge would ask or assume Plaintiff would ask the sole Hispanic candidate if she spoke Spanish.

11. On or about July 19, 2021, Plaintiff was advised by her supervisor, Region Bank President Babby Newland, that the Plaintiff violated the company's EEO policies, and that Plaintiff's employment would be terminated.   Newland did not state what specific policy was violated or how Plaintiff violated the policies.   No termination letter was provided, nor was Plaintiff provided a copy of the policy she allegedly violated.

12. On or about August 4, 2021, Plaintiff made an internal dispute review request, which was later denied in a letter dated September 16, 2021.

13. Upon information and belief, Kominczak, the white branch manager who selected Mares, was not terminated or similarly disciplined.  Plaintiff further alleged that if a policy violation did occur, the gradual disciplinary policy was not followed.

14. Upon information and belief, Plaintiff was replaced by Meleia Waschka (White, Non-Hispanic.)

## COUNT ONE – NATIONAL ORIGIN DISCRIMINATION  (TITLE VII)

15. The above allegations are re-alleged and adopted by reference.

16. Plaintiff asserts that the proffered reason for the termination was pre-textual and that her termination was motivated by her national origin (Hispanic / Mexican-American) and the accompanying discriminatory biases, prejudices and stereotypes that Hispanics favor Hispanics.  These biases and prejudices were further evidence in the handling of the investigation and discipline imposed, all in violation of Title VII and the Civil Rights Act of 1964, as amended.

## COUNT TWO – DISCRIMINATION BASED ON ETHNICITY (SECT. 1981)

17. The above allegations are re-alleged and adopted by reference.

18. Plaintiff asserts that the proffered reason for the termination was pre-textual and that her termination was motivated by her ethnicity (Hispanic / Mexican-American) and the accompanying discriminatory biases, prejudices and stereotypes that Hispanics favor Hispanics.  These biases and prejudices were further evidence in the handling of the investigation and discipline imposed, all in violation of Section 1981 of the Civil Rights Act of 1866.

19. Plaintiff requests trial by jury.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendant to answer and appear, and upon final trial enter a judgment upon her favor and award the following:

1. Injunctive and Declaratory relief;
2. Back pay and benefits;
3. Reinstatement.  If reinstatement is not feasible, front pay and benefits;
4. Compensatory damages;
5. Punitive damages;
6. Attorney's fees;
7. Plaintiff's costs;
8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;
9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

*/s/ John A. Wenke*

JOHN A. WENKE
Attorney for Plaintiff
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Fax:  (915) 351-9955
State Bar No. 00788643
lawoffice@johnwenke.com